UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HUNT
# 190618,

        Plaintiff

v.

BENNY NAPOLEON, MS.
FLAVORS, and MS. FANN,

        Defendants.
_____/

Case No. 2:17-cv-12680
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 18)

This matter is before the Court for consideration of Plaintiff Kenneth Hunt's motion for appointment of counsel. (DE 18.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this prisoner civil rights lawsuit against three defendants, Wayne County Sheriff Benny Napoleon, Officer Favors, and sanitation investigator FNU Fann, alleging that, while he was housed at the Wayne County Jail in Detroit, poor conditions at the jail were making him sick, that jail lock down procedures unconstitutionally

deprived him of privileges, and that the absence of shower curtains violated his right to privacy. (DE 1.) He seeks $500,000.00 in monetary damages. (*Id.*)

Plaintiff filed this motion for appointment of counsel on June 7, 2018. (DE 18.) In his motion, he asks the court to appoint an attorney because of the complexity of the constitutional issues in this civil matter and his of lack of legal experience. He also states that he is unable to pay for a private attorney. (*Id.*) Judge Cohn issued an order referring all pretrial proceedings to me on January 11, 2018. (DE 9.)

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in a civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave

district courts discretion to ask lawyers to volunteer their services in some cases."). Indeed, the Court previously attempted to recruit counsel for Plaintiff following the December 14, 2017 order of partial dismissal and directing service (DE 7), but these efforts were not successful.

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir.

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. Plaintiff contends that his § 1983 claims "present[] important constitutional questions of law" and that he is "incapable of properly presenting said issue[s] to this court, intelligently." He also asserts he is unable to afford private counsel. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. The claims in Plaintiff's complaint are not particularly complex. Moreover, Plaintiff has illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner in his complaint, and even in the instant motion. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 18.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

Dated: June 28, 2018	s/Anthony P. Patti
	Anthony P. Patti
	UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 28, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti